IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, : | | |
| **Plaintiff,** : | | |
| : | | **CIVIL ACTION** |
| v. : | | **No. 23-1210** |
| : | | |
| THE HILL SCHOOL, : | | |
| **Defendant.** : | | |

# ORDER

This 29th day of March, 2023, upon consideration of Plaintiff's Motion to Proceed Under a Pseudonym (ECF 3), it is hereby **ORDERED** as follows:

1. Plaintiff's Motion is **GRANTED**, subject to reconsideration upon any future opposition by Defendant. Plaintiff may proceed as "John Doe," and shall be referred to as "John Doe" on the docket and in all future papers filed in this litigation.[1]

---

[1] Parties to a lawsuit typically must identify themselves. Fed. R. Civ. P. 10(a). However, parties may proceed anonymously in exceptional cases. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). In order to proceed anonymously, "a plaintiff must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" *Id.* (quoting *Doe v. Kamehameha Sch./Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)). Courts must also assess an array of factors that "balance a plaintiff's interest and fear against the public's strong interest in an open litigation process." *See Megless*, 654 F.3d at 408-409 (describing non-comprehensive list of relevant factors).

Applying these factors, the Court finds that Plaintiff is entitled to proceed under a pseudonym. Plaintiff's identity has thus far been kept confidential outside of the Hill School community; Plaintiff has a legitimate fear of additional harm should his name become known beyond the Hill School; there is a public interest in maintaining the confidentiality of the parties in such a sensitive matter involving purely legal issues; and nothing suggests that Plaintiff has illegitimate motives in proceeding anonymously. Moreover, none of the *Megless* factors that disfavor anonymity are present in this case. *See id.* at 409. Indeed, courts frequently allow plaintiffs to proceed under pseudonyms in circumstances involving mental illness, substance abuse, and addiction, due to the potential repercussions should such conditions be made public. *See, etc., Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997); *Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006); *Smith v. United States Off. of Pers. Mgmt.*, No. 2:13-CV-5235, 2014 WL 12768838, at *1-2 (E.D. Pa. Jan. 21, 2014); *Doe v. United Behav. Health*, No. 10-5192, 2010 WL 5173206, at *3 (E.D. Pa. Dec. 10, 2010).

2. Plaintiff shall provide his actual name to the Court by filing a notice under seal by **April 3, 2023**.

3. Plaintiff's actual name shall be available to the attorneys of record in this litigation, who shall not disclose or permit disclosure of this name except to their law partners, associates, and persons employed in the law offices of such attorneys.

    /s/ Gerald Austin McHugh
United States District Judge