IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN DOE** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-1210 |
| | : | |
| **THE HILL SCHOOL** | : | |

## PROTECTIVE ORDER

1. The purpose of this Order and agreement is to permit discovery and trial preparation to proceed with a minimum of discovery motions over matters of confidentiality.

2. This Order governs the handling of all documents, testimony and information (including electronically stored information) produced, given, or filed herein by the parties and designated or considered "CONFIDENTIAL" under this Order (hereinafter "designated material").

3. The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. This action may concern (a) medical records and/or information protected as confidential by HIPAA or the ADA, (b) confidential student information protected by federal and state law, and (c) other information concerning the parties and/or other students/former students that is not publicly available. The parties agree that the entry of this Protective Order is warranted to protect against public disclosure of such documents and information.

4. Any party may designate in good faith as "CONFIDENTIAL" any materials produced in this action, including any information, any document, any answer to interrogatories or other discovery requests in this action, or any portion of any deposition (including exhibits) in this action, that contain any of the types of sensitive material described in Paragraph 3.

5. Parties may designate materials as confidential by either of the following methods:

a. by writing, typing, or stamping the word "CONFIDENTIAL" on the face or bates label of any materials upon their initial production to the opposing party;

b. by written notice to counsel for the opposing party including a description of materials to be designated as "CONFIDENTIAL"; or

c. by stating on the record in a deposition that testimony given or exhibits used in that deposition should be treated as "CONFIDENTIAL."

6. Redacted Documents. Parties may designate certain CONFIDENTIAL documents for redaction. This designation will include, but not be limited to CONFIDENTIAL documents containing information about individuals in the following categories:

a. Those who are currently non-party students;

b. Those who were non-party students at the time of events relevant to the above-captioned matter.

7. Nature of Redacted Documents. The redaction shall include, but not be limited to identifying information of non-party students, such as names, Social Security and other numeric identifiers, addresses (including email and other electronic addresses), usernames and passwords, financial information (credit card numbers, banking or other account numbers, etc.), and any sensitive or identifiable medical information.

8. Effect of Redaction. Nothing in this provision shall prevent the opposing party from seeking unredacted versions of documents from the Court and accepting redacted documents will not create a waiver or presumption that the documents should be sealed if the redacting party seeks that remedy from the Court in response to a request for unredacted documents.

9. In the event materials are produced herein which, in a party's opinion, should have been, but were not, designated as confidential, such party may designate such material as

"CONFIDENTIAL" by notifying parties and counsel for all parties of this designation as soon as possible.  Upon receipt of such notification, all parties shall treat such materials as designated and attempt to recall all materials distributed in any way that would have been inconsistent with the terms of this Order had such documents been designated as confidential to begin with.

10. Acceptance by a party of any information, document, or thing identified as "CONFIDENTIAL" pursuant to this Order will not constitute a concession that the information, document, or thing is confidential.  Should a party object to the designation of material as "CONFIDENTIAL," that party shall give written notice of such objection to the party asserting confidentiality.  The parties shall then confer to attempt to resolve such objection.  If no resolution is reached, the party objecting to such designation may apply to this Court for a ruling whether the material in question should be treated as "CONFIDENTIAL" under this Order.  No disclosure of such information will occur pending resolution of any dispute under this paragraph.

11. Except under further Order of this Court, material designated or considered "CONFIDENTIAL" pursuant to this Order shall be used solely for the purposes of this action and shall not be disclosed to any person, except the Court (including the clerk's office), the parties, counsel for the parties, their staff members, their professional and para-professional employees, and any experts associated by the parties regarding this action.  All designated materials shall be carefully maintained to preclude access by non-qualified recipients.  Information contained in designated materials is protected from oral disclosure (the spoken word) in exactly the same way the document is protected from further dissemination.

12. Notwithstanding the provisions of paragraph 11, the parties may disclose to persons who may be called as witnesses in the case during trial or discovery such "CONFIDENTIAL" material that counsel believes in good faith to be necessary for adequate preparation or presentation

of the case. Prior to any such disclosure under this paragraph, the disclosing party shall inform the witness of the provisions of this Order and obtain his or her written agreement on Exhibit A to be bound by this Order (to which shall be attached a copy of this Order).

13. If in the course of this litigation, discovery is sought from non-parties that would require such non-parties to produce and/or disclose confidential information, such non-parties may gain the protection of this Order by written agreement on Exhibit A to be bound by the Order and to produce documents pursuant to this Order (including the right to designate materials as designated "CONFIDENTIAL" and benefit from the protections for such materials set forth herein).

14. This Order does not automatically seal court records in this case or apply to the disclosure of confidential discovery material at trial. If information designated as "CONFIDENTIAL" is attached or referenced in a court filing, any party may subsequently move to seal the filing.

15. Nothing contained in this Order shall be construed to prejudice any party's right to use in open court in this matter any document designated herein as "CONFIDENTIAL." In the event such "CONFIDENTIAL" material is later introduced into evidence or considered by the Court, neither the designation "CONFIDENTIAL" nor the fact of such designation shall be admitted into evidence or considered by the Court. The confidential designation shall be redacted from the documents expected to be introduced into evidence at trial. The parties retain the right to seek an appropriate order from the Court as to a confidentiality designation at trial, including placement under seal, for certain private or sensitive material that may be protected under state or federal law.

16. All "CONFIDENTIAL" information disseminated pursuant to this Order, and all copies made thereof, other than those filed with the Court, shall be returned to the producing party or destroyed at the conclusion of this action. Upon request by the other party, the parties must certify in writing that all "CONFIDENTIAL" information has been destroyed.

17. This Order contemplates that the parties shall continue to resolve confidentiality issues by agreement not inconsistent with this Order.

18. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of either party to challenge the propriety of discovery on other grounds.

The Clerk is directed to send copies of this Order to all counsel of record.

**SO ORDERED** this 3rd day of April, 2023.

                                                  /s/ Gerald Austin McHugh
                                              United States District Judge

**Exhibit A**

AGREEMENT CONCERNING MATERIAL COVERED BY ORDER ENTERED IN THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF PENNSYLVANIA

I, the undersigned, hereby acknowledge that I have read the attached Protective Order entered in *Doe v. The Hill School*, Case No: 2:23-cv-01210, and understand the terms thereof and agree to be bound by all such terms. Without limiting the generality of the foregoing, I agree not to copy, disclose to, or discuss with any person or entity not authorized to receive such "CONFIDENTIAL" information, any document or any information designated as "CONFIDENTIAL" or any copies of extracts or information derived therefrom, which has been disclosed to me. I further agree to use any information disclosed to me in connection with this case solely for the purposes of this case and for no other purposes.

I understand that the use of any "CONFIDENTIAL" information or document in any manner contrary to the provisions of the Protective Order may subject me to the penalty of contempt and/or sanctions from the Court.

The undersigned hereby irrevocably submits his/her person to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania for the purposes of enforcing the order.

Date:_____        _____
                                                                    Printed Name

                                                                    _____
                                                                    Signature