IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE : | |
| : | |
| v. : | CIVIL ACTION NO. 23-1210 |
| : | |
| THE HILL SCHOOL : | |

**ORDER**

This 29th day of August, 2024, for the reasons that follow, it is hereby **ORDERED** that Defendant's Motion to Dismiss (ECF 61) is **DENIED**.

Defendant contends that Plaintiff's Amended Complaint (ECF 30) should be dismissed for lack of subject matter jurisdiction, arguing that Plaintiff (1) lacks Article III standing to maintain his ADA claim; and (2) cannot meet the amount in controversy requirement necessary to establish diversity jurisdiction for his state law contract claim.

1. Defendant argues that, because Plaintiff has graduated from high school and does not seek to reenroll at The Hill School, Plaintiff cannot show that he has an actual, ongoing injury that would be redressed by judicial relief. But Plaintiff, while acknowledging that his request to reenroll is moot, also seeks expungement of his school record. As to this claim, Plaintiff has standing. *See Doe v. Purdue Univ.*, 928 F.3d 652, 666 (7th Cir. 2019) (a "marred [disciplinary] record is a continuing harm for which [a student] can seek redress.").[1]

2. Defendant asserts that Plaintiff cannot meet the amount in controversy requirement necessary to establish diversity jurisdiction under 28 U.S.C. § 1332(a). In assessing a

---

[1] Defendant separately contends that Plaintiff's ADA claim is moot. As outlined above, Plaintiff retains a personal stake in the outcome of the case, however *de minimis* it may be, with result that his ADA claim is not moot.

challenge to the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). Courts determine the amount in controversy at "the time that the complaint was filed." *Id.* "Subsequent events cannot reduce the amount in controversy so as to deprive the district court of jurisdiction." *Auto-Owners Ins. Co.*, 835 F.3d at 395-96. The Third Circuit has cautioned that the "legal certainty standard is a threshold matter that should involve the court in only minimal scrutiny of the plaintiff's claims." *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997) (quotations omitted). Here, although Plaintiff's claims seem tenuous, it cannot be said with legal certainty from the face of the complaint that Plaintiff's claims are for less than the $75,000 jurisdictional requirement. Accordingly, the Court has diversity jurisdiction over Plaintiff's contract claim.

/s/ Gerald Austin McHugh
United States District Judge